# ALBERT F. LANE v. GEORGE A. SCAGLE.

## MAY TERM, 1894.

*Negligence.   Use of water pipes.*

It is not negligence upon the part of the occupant of a room in which is a set-bowl to leave the faucet into the bowl open, the bowl being provided with a waste pipe which was of sufficient size to, and did in fact at the time, carry the water off from the premises, and the occupant being under no obligation to repair the plumbing beyond his premises, and having no reason to believe that it was defective.

Action on the case. Plea, the general issue. Trial by jury at the September term, 1893, Franklin county, Ross, C. J., presiding. Verdict and judgment for the plaintiff.

At the close of the testimony the defendant moved the court to direct a verdict for that there was no evidence tending to show negligence. This the court declined to do, and the defendant excepted.

*Farrington & Post* for the defendant.

The evidence did not tend to show negligence. The defendant had come short in no duty which he owed the plaintiff. *Kennedy* v. *Morgan*, 57 Vt. 46.

Negligence will not be presumed. *Lindsay* v. *C. & P. Rd. Co.*, 27 Vt. 643 ; *Cleveland* v. *Grand Trunk Rd. Co.*, 42 Vt. 449 ; Sher. & Red., Neg., s. 12.

*H. C. Adams* and *Wilson & Hall* for the plaintiff.

START, J.   This is an action on the case, and the plain-
tiff alleges that the defendant so negligently used a certain
faucet connected with the St. Albans water works as to
damage his goods.   At the time of the injury complained
of, the plaintiff occupied the first floor and the defendant the
second floor of a building owned by O. A. Burton.   The
defendant had in his room a hand wash basin, connected
with the St. Albans water works.   It had an outlet at the
bottom and holes through the sides near the top to carry
away the waste water.   The outlet, which was open at the
time the plaintiff claims his goods were damaged, was suf-
ficiently large to carry off all the water that would run into
the basin.   The plaintiff, on going to his store on the morn-
ing of November 1, 1892, found water running through the
ceiling from the floor above.   At this time it was found that
water was running from the faucet into the basin in the de-
fendant's room.   The basin was not running over, and there
was no water on the floor.

This evidence did not tend to show that the defendant was
guilty of negligence, and the court should have ordered a
verdict for the defendant.   The outlet of the basin was suf-
ficient to carry off all the water that would run from the
faucet, and it does not appear that it did not so carry it off
at the time of the injury complained of.   It does not appear
that there was any defect in the basin or pipes in the de-
fendant's room.   Negligence cannot be inferred from the
fact that the faucet was open.   In leaving the faucet open
and allowing the water to run, the defendant was using it
for the purpose for which it was intended.   Such arrange-
ments are for use in supplying water, and it was error to
leave the jury at liberty to infer negligence from the fact
that the defendant allowed water to run into a basin that had
an outlet of sufficient capacity to carry it off.   There is
nothing in the evidence that tends to show that the construc-
tion and arrangement of the plumbing on the defendant's

floor was not all that was required to guard against damage. from water to the occupant below. If any inference can be drawn from the evidence, it is that the water escaped from the pipe after it passed through the floor occupied by the defendant. If such inference can be legitimately drawn from the facts, the plaintiff was not entitled to go to the jury; for it does not appear that the defendant knew, or had reason to believe, that there was any defect in the pipe below the floor occupied by him, nor does it appear that the defendant was under any duty to inspect or keep in repair the pipe below the floor occupied by him.

We find no error in the rulings of the court in respect to the admission of evidence, nor in the charge of the court as given, nor in the refusal to charge as requested upon the subject of damages.

*Judgment reversed and cause remanded.*

Thompson, J., being engaged in county court, did not sit.